**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LAMONE E. UPKINS, | : | Case No. 3:26-cv-57 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| SHELBY COUNTY, OHIO, *Political Subdivision*, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a State inmate, brings this civil rights action under 42 U.S.C. § 1983 and Ohio law against Shelby County, Ohio; Shelby County Sheriff's Department; Shelby County Job and Family Services; Shelby County Public Defender's Office; City of Sidney, Ohio, Police Department; and various state and local governmental employees. (*See* Doc. 1-1). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a s*ua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).

**LEGAL STANDARD**

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such

relief. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662. (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**THE COMPLAINT**

Plaintiff alleges that he was indicted on five counts of drug trafficking in Shelby County Court of Common Pleas Case No. 22-CR-180 in August 2022. (Doc. 1-1, at PageID 11). Following the failure of a confidential informant to appear for trial, the case was initially continued but ultimately dismissed without prejudice. (*Id*. at PageID 11, 13). The day after Case No. 22-CR-180 was dismissed, the drug charges were refiled against Plaintiff in Case No. 23-

CR-87, along with a new charge for intimidation of a witness in a criminal case. (*Id*.).

Case No. 23-CR-87 went to trial on the drug charges in February 2024, and Plaintiff was convicted. (*Id*. at PageID 13-14). However, the intimidation of a witness charge was dismissed without prejudice five days before trial. (*Id*. at PageID 13). Plaintiff alleges that the intimidation charge was fabricated by Defendant Sidney Police Department Detectives Ethan Brown and Mark Brunson and presented to the grand jury by Defendant Shelby County Prosecutors William Zimmerman, Jr., and Timothy Sell to interfere with Plaintiff's speedy trial rights and protections against double jeopardy and to justify the kicking-in of Plaintiff's door and his arrest without probable cause in July 2023 by Defendant Shelby County Sheriff's Department Deputies Chris Brown and R. Browdy. (*Id*. at PageID 11, 13-15, 24). Plaintiff also alleges that Defendant Shelby County Job and Family Services case worker Kim Lear conspired with Chris Brown and Browdy to film the arrest and later rely on it in a child-custody proceeding involving Plaintiff's infant son. (*Id*. at PageID 15, 24). According to Plaintiff, Defendant Ralph Bauer (formerly a Shelby County Public Defender) represented the family ultimately awarded custody of the child. (*Id*. at PageID 26).

Additionally, Plaintiff contends that the intimidation charge was used to increase his bail and that his prosecution on the drug trafficking charges was tainted by restrictions imposed by Defendant Shelby County Court of Common Pleas Judge James F. Stevenson on the use of the dismissed intimidation charge at trial. (*Id*. at PageID 13-14). Plaintiff also alleges that Defendant Shelby County Public Defenders Christopher Wesner and Laura Wayman provided ineffective assistance of counsel. (*Id*. at PageID 20-21).

Plaintiff further contends that Shelby County, the City of Sidney, the Shelby County Prosecutor's Office, the Shelby County Public Defender's Office, and the City of Sidney Police

Department maintained a custom of falsifying or altering records. (*Id*. at PageID 16, 23). In support of this assertion, Plaintiff relies on the above allegations as well as allegations of past misconduct dating from proceedings against Plaintiff in 2000 and 2003 involving Defendant Sidney Police Detectives Jim Jennings and Jeremy Lorenzo, Defendant Stevenson (then a County prosecutor), Shelby County Public Defender Johnathan Richards, Defendant Bauer, and Defendant Zimmerman (then a County Public Defender). (*Id*. at PageID 16–22).

Finally, the Complaint reflects that, at the time it was filed, Plaintiff's direct criminal appeal in Case No. 23-CR-87 was pending. (*See* Doc. 1-1, at PageID 27). A review of the Shelby County Clerk of Courts website reveals that the appeal was denied by the Ohio Court of Appeals in March 2026, in Case No. 17-24-12. It appears, however, that additional proceedings in Case No. 23-CR-87 are ongoing. *See, e.g., State v. Upkins*, Case No. 17-26-10 (Ohio Ct. App. (3d Dist.) Aug. 14, 2026) (indicating that Plaintiff's appeal from the denial of a post-conviction motion will be submitted on briefs on September 22, 2026); *State v. Upkins*, Case No. 17-24-12 (Ohio Ct. App. (3d Dist.) Aug. 3, 2026) (denying Plaintiff's application to reopen direct appeal).[1]

For relief, Plaintiff seeks damages and injunctive relief, including changes to the custody arrangement for his son and his release from confinement. (*Id*. at PageID 15, 17, 27).

## ANALYSIS

Based on the above allegations, Plaintiff brings three primary groups of claims: (1) constitutional claims against the individual Defendants for false arrest and malicious prosecution

[1]Plaintiff's state-court cases were viewed at the Shelby County Clerk of Courts website: https://search.shelbyco.net/eservices/searchresults.page?x=v1Dpt9kQ76qS3YXxMm0hdJEYqfSUniHlPKwAQDvgf0dgyNRnk*VmV4D8eD1Zcd-Fm1jrYm8kc1VgE82nLXQTBg (by searching under Plaintiff's name and respective case numbers). *See United States v. Mont*, 723 Fed. Appx. 325, 327 n.3 (6th Cir. 2018) ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record.") (citing *Lyons v. Stovall*, 188 F.3d 327, 332, n.3 (6th Cir. 1999) (brackets, quotation marks, and citation omitted)).

under the Fourth Amendment and for violations of due process under the Fourteenth Amendment (Claim Group I); municipal liability claims against the governmental entity Defendants under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) (Claim Group II); and civil conspiracy claims against the individual Defendants under § 1983, based on allegations of malicious prosecution, false arrest, and interference with his right to see his son (Claim Group III). (*See* Doc. 1-1, at PageID 11, 13-27). Plaintiff also appears to bring a fourth group of claims against the governmental entity Defendants for state-law fraud. (*See id*. at PageID 23). For the following reasons, the Complaint in its entirety should be dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).

**A. The *Heck* Doctrine Bars Most of Plaintiff's Claims against the Individual Defendants.**

Under the so-called *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),] favorable termination rule (also known as the *Heck* doctrine), a plaintiff may not assert § 1983 claims that question the validity of his convictions or sentence unless he demonstrates that the convictions or sentence have been reversed on direct appeal, declared invalid, expunged by executive order, or called into question in a habeas corpus proceeding. *Lanier v. Bryant,* 332 F.3d 999, 1005-06 (6th Cir. 2003).

Here, the entirety of Claim Group I and the parts of Claim Group III alleging conspiracy claims for false arrest and malicious prosecution are barred by the *Heck* doctrine. Although Plaintiff attempts to couch these claims in terms of challenges to his arrest and prosecution on the dismissed intimidation charge (*see* Doc. 1-1 at PageID 11, 13-15, 24-27), Plaintiff's allegations make clear that his challenges to the dismissed charge cannot be considered separately from the drug trafficking charges on which he was ultimately convicted. Plaintiff expressly alleges that he was arrested and convicted following the use of fabricated charging

materials, improper delays attributable to the intimidation charge, and restrictions on his defense related to that charge. (*Id.*). In light of such allegations, success on Plaintiff's claims involving the dismissed intimidation charge would necessarily call into question the validity of his convictions on the remaining drug charges. *See, e.g.*, *McCray v. Alejandro R.*, No. 1:20-CV-3006, 2021 WL 3418812, at *5 (S.D. Ind. Aug. 4, 2021) (citing cases). Nor can Plaintiff avoid *Heck* by asserting that Case No. 22-CR-180, involving the same drug charges, was dismissed. Plaintiff concedes that the dismissed drug charges were refiled in Case No. 23-CR-87. (*Id.* at PageID 11, 13).

Thus, in the absence of a showing that Plaintiff's underlying convictions or sentence on the drug trafficking charges were reversed on direct appeal, declared invalid, expunged by executive order, or called into question in a habeas corpus proceeding, *Lanier*, 332 F.3d at 1005-06, his Fourth Amendment false-arrest and malicious-prosecution, Fourteenth Amendment due process, and § 1983 conspiracy claims for false arrest and malicious prosecution cannot proceed. Because, as noted above, it appears that proceedings in Case No. 23-CR-87 are ongoing, Plaintiff cannot meet this standard. Accordingly, Claim Group I, in its entirety, and Claim Group III, in so far as it alleges conspiracy claims for false arrest and malicious prosecution, are barred by *Heck* and should be dismissed without prejudice.

### B. Jurisdictional Principles Prevent the Court from Considering Plaintiff's Remaining Claims against the Individual Defendants.

Plaintiff's remaining claims against the individual Defendants allege a conspiracy to interfere with his right to see his son. (Doc. 1-1, at PageID 24-27). It is well settled, however, that federal courts generally lack jurisdiction over domestic relations matters "even when those questions are presented in the guise of a federal question." *See Robinson v. Michigan*, No. 1:09-CV-564, 2009 WL 3011225, at *3 (W.D. Mich. Sept. 16, 2009) (citing cases). *See also Stephens*

*v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) (noting that "[u]nder the principles of comity and deference to state expertise in the field of domestic relations," and in accordance with the court's "consistent policy," the Sixth Circuit "decline[d] to exercise jurisdiction" over claims that constituted collateral attacks on state-court judgments pertaining to child custody).

Because this Court lacks jurisdiction over Plaintiff's claims relating to child-custody matters, those claims (the remainder of Claim Group III) should be dismissed without prejudice.

### C. Plaintiff's Claims against the Governmental Entity Defendants Should Be Dismissed.

Because Plaintiff has failed to plead a cognizable civil rights violation under § 1983 against any individual Defendant, his municipal liability claims against the governmental entity Defendants (Claim Group II) (*see* Doc. 1-1, at PageID 16-23) also fail and should be dismissed without prejudice. *See, e.g., Pinter v. City of New York,* 448 F. App'x 99, 106 (2d Cir.2011) (finding that the plaintiff's "*Monell* claims are derivative of his claims against the individual defendants, and therefore any claims dismissed as against the individual defendants must also be dismissed as against the City") (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

### D. The Undersigned Does Not Reach Additional Grounds for Dismissal of Federal Claims.

The undersigned notes that certain of Plaintiff's federal claims are also likely barred as a matter of law due to judicial immunity, prosecutorial immunity, or the fact that some Defendants are not subject to being sued under § 1983. In light of Plaintiff's claims being subject to dismissal under the *Heck* doctrine and for lack of subject matter jurisdiction, and in furtherance of the interest in judicial economy, however, the undersigned will not address those issues at this time.

**E. State-Law Fraud Claim**

Because Plaintiff's federal claims are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law fraud claim (Claim Group IV) (*see* Doc. 1-1, at PageID 23). 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS without prejudice** the entirety of Plaintiff's federal claims because those claims are barred by the *Heck* doctrine or lie beyond the jurisdiction of the federal courts.

2. The Court **DECLINE to exercise supplemental jurisdiction** over Plaintiff's remaining state-law fraud claim and that the Court **DISMISS** that claim **without prejudice**. 28 U.S.C. § 1367(c)(3).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

August 21, 2026

*/s/ Caroline H. Gentry*
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

**PROCEDURES ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on

timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).