**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LAMONE E. UPKINS, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:26-cv-57 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| SHELBY COUNTY, OHIO *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| Defendants. | : | |
| | : | |

---

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. NO. 6) AND DISMISSING PLAINTIFF'S COMPLAINT (DOC. NO. 5) WITHOUT PREJUDICE UNDER 28 U.S.C. § 1915**

---

Currently before the Court is the Report and Recommendation (the "Report") (Doc. No. 6) issued by Magistrate Judge Caroline H. Gentry. In her Report, Magistrate Judge Gentry recommends that the Court dismiss, without prejudice, Plaintiff Lamone Upkins' ("Plaintiff") Complaint (Doc. No. 5) in its entirety, for various reasons further delineated below. (*See generally* Doc. No. 6.) Magistrate Judge Gentry further recommends that, because reasonable jurists would not disagree with this conclusion, Plaintiff be denied a certificate of appealability and not be permitted to proceed *in forma pauperis*. (*Id.* at PageID 205 (citing 28 U.S.C. 1915(a)(3)).) Plaintiff filed his Objections to the Report and Recommendation and Motion for Leave to Amend Complaint (Plaintiff's "Objections") (Doc. No. 9) on September 24, 2026. In addition to his Objections, Plaintiff filed a Request for Investigation by the Department of Justice ("Investigation Motion") (Doc. No. 10). Seeing as all the above matters are ripe for review, the Court considers them in conjunction.

Plaintiff's suit stems from his allegedly improper arrest and prosecution in a separate, state-court criminal case. (*See generally* Doc. No. 5.) As Magistrate Judge Gentry notes, Plaintiff's Complaint raises four primary classes of claims: "(1) constitutional claims against the individual Defendants for false arrest and malicious prosecution under the Fourth Amendment and for violations of due process under the Fourteenth Amendment (Claim Group I)"; (2) *Monell* "municipal liability claims against the governmental entity Defendants" (Claim Group II); (3) "civil conspiracy claims against the individual Defendants under § 1983, based on allegations of malicious prosecution, false arrest, and interference with his right to see his son (Claim Group III)"; and (4) "claims against the governmental entity Defendants for state-law fraud" (Claim Group IV). (Doc. No. 6 at PageID 201–02.) Magistrate Judge Gentry recommends dismissal of the majority of Plaintiff's claims pursuant to the *Heck* doctrine. (*Id*. at PageID 202–03 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). More specifically, the Report suggests that the Court dismiss all of the claims in Claim Group I, as well as certain Claim Group III claims, insofar as they allege conspiracy for false arrest and malicious prosecution. (*Id*. at PageID 203.) As for the remainder of Plaintiff's claims in Claim Group III, Magistrate Judge Gentry also recommends dismissal, citing the well-settled rule regarding the impropriety of federal courts meddling in domestic relations disputes. (*Id*. at PageID 203–04.) The allegations in Claim Group II, according to Magistrate Judge Gentry, should be dismissed because Plaintiff cannot succeed on his *Monell* claims if his claims against the individual defendants are dismissed. (*Id*. at PageID 204.) Finally, Magistrate Judge Gentry recommends that the Court decline to exercise supplemental jurisdiction over the state-law claims in Claim Group IV. (*Id*. at PageID 205.) Simply put, the Report proposes dismissal of all claims without prejudice. (*Id*.)

From what the Court can gather, Plaintiff's only objection to the Report rests on the fact that "Plaintiff has not yet had the opportunity to amend his complaint of deficiencies." (Doc. No. 9 at PageID 210.) Plaintiff's purported amendment preclusion aside, Plaintiff's Objections merely restate the contentions raised in his Complaint. (*Compare* Doc. No. 5, *with* Doc. No. 9.) For the reasons delineated below, Plaintiff's scruples with the Report are not well taken.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Generally, courts ought to freely grant leave to amend, but only if amendment would not be futile. *See Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022). "An amendment is futile when, after including the proposed changes, the complaint could still not withstand a Rule 12(b)(6) motion to dismiss." *Id*. (citation and quotation marks omitted). It is axiomatic that jurisdictional bars are grounds for dismissal. *See Rucker v. Frazier Health Ctr.*, No. 2:14-CV-411, 2014 WL 6603311, at *1 (S.D. Ohio Nov. 19, 2014).

Because Plaintiff has not persuaded the Court that Magistrate Judge Gentry was incorrect in her finding that the bulk of Plaintiff's claims must be dismissed pursuant to the *Heck* doctrine and the domestic relations exception to federal jurisdiction, those claims must be dismissed. *See Herris v. Andrew*, No. 3:23 CV 1811, 2024 WL 3937062, at *4 (N.D. Ohio Aug. 26, 2024) (dismissing the plaintiff's false arrest claim as barred by the *Heck* doctrine); *Peled v. Peled*, No. 2:23-CV-2224, 2025 WL 2711374 (S.D. Ohio Sept. 23, 2025) (dismissing certain claims as violative of the domestic relations exception to jurisdiction). For the same reason, Plaintiff's accompanying *Monell* claims cannot stand alone in this Court. *See Chambers v. Sanders*, No. 21-CV-10746, 2022 WL 1143486 (E.D. Mich. Apr. 18, 2022) (dismissing the plaintiff's derivative *Monell* claims where the plaintiff failed to establish liability against the individual defendants), *aff'd*, 63 F.4th 1092 (6th Cir. 2023). Finally, it would be ill-advised to exercise supplemental

jurisdiction over Plaintiff's only remaining, state-law claims after having dismissed his federal claims. *See Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims."). Accordingly, the Court **ADOPTS** Magistrate Judge Gentry's Report in its entirety (Doc. No. 6).

Likewise, the Court must deny Plaintiff's request for leave to amend his Complaint (Doc. No. 10). As mentioned, while courts "should freely give leave [to amend] when justice so requires[,] FED. R. CIV. P. 15(a)(2), a "motion to amend should be denied if the amendment . . . would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). Here, the unavoidable jurisdictional bars render Plaintiff's efforts futile. No amount of factual manipulation can generate proper jurisdiction in this Court.

By separate motion, Plaintiff requests that this Court "refer the facts of this matter to the Department of Justice or the appropriate investigative agency so that a meaningful investigation might be conducted in the interest of justice." (Doc. No. 10 at PageID 258.) However, "a plaintiff is not entitled to discovery to determine whether a claim can survive past the pleading stage." *Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1041 (6th Cir. 2024) (citation and quotation marks omitted). That said, because Plaintiff's claims have not surpassed the pleading stage, he is not entitled to any form of investigation or discovery from the Department of Justice.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. No. 6) in its entirety and **OVERRULES** Plaintiff's Objections (Doc. No 9). Wherefore, the Court **DISMISSES** Plaintiff's Complaint (Doc. No. 5) pursuant to 28 U.S.C. § 1915 **WITHOUT PREJUDICE**. For the same reasons, Plaintiff's request for leave to amend his Complaint (*see* Doc. No. 9) is **DENIED**. Because reasonable jurists would not disagree with this conclusion,

Plaintiff is **DENIED** a certificate of appealability, and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous, and therefore, Plaintiff should not be permitted to proceed *in forma pauperis*. Finally, the Court **DENIES** Plaintiff's Request for Investigation by the Department of Justice (Doc. No. 10). The Clerk is hereby directed to **TERMINATE** this action on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 28, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE